# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERCARRIER COMMUNICATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, SKYPE INC., and GROUPME INC., <br><br> Defendants. | **Civil Action No. _____** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Intercarrier Communications LLC, by way of its Complaint for Patent Infringement ("Complaint") against Microsoft Corporation ("Microsoft"), Skype Inc. ("Skype"), and GroupMe Inc. ("GroupMe"), collectively referred to as ("Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Intercarrier Communications LLC ("ICC") is a limited liability company organized under the laws of the State of Texas with a place of business at 6136 Frisco Square Boulevard, Suite 385, Frisco, TX 75034.

3. Upon information and belief, Microsoft Corporation is a corporation organized under the laws of Washington, with its principal place of business at 1 Microsoft Way, Redmond, Washington, 98052.

4. Upon information and belief, Skype Inc. is a corporation organized under the laws of Delaware, with a place of business at 1 Microsoft Way, Redmond, Washington, 98052.

5. Upon information and belief, GroupMe Inc. is a corporation organized under the laws of Delaware, with a place of business at 1 Microsoft Way, Redmond, Washington, 98052.

6. Upon information and belief, each Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

7. Upon information and belief, Defendants are related companies, and Microsoft is the direct or indirect parent company of both Skype and GroupMe.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

11. Upon information and belief, each Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware. Further, this Court has personal jurisdiction over Skype and GroupMe as each is

organized under the laws of Delaware and has, therefore, purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,985,748

12. The allegations set forth in the foregoing paragraphs 1 through 11 are hereby realleged and incorporated herein by reference.

13. On January 10, 2006, U.S. Patent No. 6,985,748 (the "'748 Patent"), entitled "Inter-carrier Messaging Service Providing Phone Number Only Experience," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '748 Patent is attached as Exhibit A to this Complaint.

14. ICC is the exclusive licensee of the '748 Patent and has the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

15. Upon information and belief, each Defendant has and continues to directly infringe one or more claims of the '748 Patent by making, using, selling, importing, and/or providing and causing to be used products that provide inter-carrier messaging services enabling users to send and receive certain messages addressed with a phone number only, which by way of example include the GroupMe messaging services, and related applications, for iOS including iPhone, iPad, and iPod Touch; Android phones and tablets; Windows phones and tablets; and GroupMe web application (the "Accused Instrumentalities").

16. Defendant Microsoft, and on information and belief all Defendants, were made aware of the '748 Patent and their infringement thereof through prior communications between the Defendants and ICC's affiliates.

17. Upon information and belief, at least since the time it received communication from ICC, each Defendant has induced and continue to induce others to infringe at least one claim of the '748 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific

intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each Defendants' partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '748 Patent.

18. In particular, each Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '748 Patent and that its acts were inducing its customers to infringe the '748 Patent since at least when ICC's affiliates communicated to Defendants that such activities infringed the '748 Patent.

19. Upon information and belief, at least since the time it received communication from ICC, each Defendant has committed and continues to commit acts of contributory infringement of the '748 Patent under 35 U.S.C. § 271(c) by providing products, including the Accused Instrumentalities to others, including but not limited to its customers and partners, knowing or willfully blind to the fact that these products constitute a material part of the invention, were especially made or adapted for use in an infringement of the '748 Patent, and have no substantial non-infringing uses.

20. In particular, the Accused Instrumentalities include messaging applications and systems, which provide inter-carrier messaging services allowing a user to send and receive certain messages addressed with a phone number only. These messaging applications and systems are installed and used by each Defendant's partners and customers to perform all of the steps recited in at least one claim of the '748 Patent. These messaging applications and systems

have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of providing inter-carrier messaging services. The installation and use of the messaging applications and systems by each Defendant's partners and customers constitutes direct infringement of at least one claim of the '748 Patent. Each Defendant has known or remained willfully blind to these facts since at least when ICC communicated to the Defendants that such activities infringed the '748 Patent.

21. Despite ICC's notice regarding the '748 Patent, each Defendant has continued to infringe the '748 Patent. On information and belief, each Defendant's infringement has been and continues to be reckless and willful.

22. ICC has been harmed by each Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ICC demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ICC demands judgment for itself and against each Defendant as follows:

A. An adjudication that each Defendant has infringed the '748 Patent;

B. An award of damages to be paid by each Defendant adequate to compensate ICC for the Defendant's past infringement of the '748 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

  D. An award to ICC of such further relief at law or in equity as the Court deems just and proper.

Dated: October 1, 2013       STAMOULIS & WEINBLATT LLC
*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080
 weinblatt@swdelaw.com
Stamatios Stamoulis #4606
 stamoulis@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Intercarrier Communications LLC*